# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRANCE J.M. STOKES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 23-1324-CFC |
| LT. PAYSON, et al., | : |
| Defendants. | : |

Terrance J.M. Stokes, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

June 3, 2024
Wilmington, Delaware

CONNOLLY, Chief Judge:

## I. INTRODUCTION

Plaintiff Terrance J.M. Stokes, an inmate confined at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. His opening filing came in the form of a "Restraining Order Request," which the Court construes as a Complaint. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

In his two-page Complaint Plaintiff names twelve JTVCC officials as Defendants and makes several allegations about his treatment in prison, but he does not attribute the alleged conduct to any individual Defendant. For relief, he requests that he be moved to a "secure location where [he] would be treated fairly," or to "order an outside investigation." (D.I. 1 at 2)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff has failed to state a claim against any Defendant because he has failed to allege any Defendant's personal involvement in the alleged conduct. *See Iqbal*, 556 U.S. at 679; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (holding that personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence"). Plaintiff will be given leave to file an amended complaint.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court will issue an Order consistent with this Memorandum Opinion.

4